CLARA C. PACKARD *vs.* HIRAM C. BREWSTER and others.

*Bond.   Pleading.   Bail-bond.*

The principal defendant having been arrested on a special writ, in favor of this plaintiff, gave a bond with the other defendants, sureties, therein acknowledging themselves bound to the sheriff by name who made the arrest in a specific sum named, "to be paid unto" the plaintiff, "her heirs and assigns," with the condition annexed in the usual form of a bail-bond.   In debt on the bond brought in the name of the plaintiff, *Held,* (1) that if the instrument declared on be a bail-bond, *scire facias* and not debt is the remedy; and (2) if it be deemed a common-law bond, the action must be in the name of the sheriff to whom it was given, and not in the name of the plaintiff.

ON REPORT.

DEBT on a bond, dated Sept. 22, 1868, wherein Hiram C. Brewster, as principal, and the defendants, as sureties, "are holden and stand firmly bound and obliged unto Hanson Andrews, deputy-sheriff of the county of Knox, in the full and just sum of five thousand dollars to be paid unto Clara C. Packard, her heirs or assigns, to which payment," etc.

The condition of the obligation is,

"That whereas the above-bounden Hiram C. Brewster has been arrested at the suit of Clara C. Packard, in the county of Knox, on a plea of the case by the said Clara C. Packard, commenced to

be heard and tried before the supreme judicial court to be holden at Rockland, in and for the county of Knox, on the second Tuesday of March, 1869, as by the original writ or process bearing date the eighteenth day of September (reference thereunto being had), more fully appears. If, therefore, the above-bounden Hiram C. Brewster shall appear and answer unto said writ or process, and shall abide, do, and perform the judgment of the said court, or the judgment of any other court before whom the said process shall, in due course of law, be finally determined, and shall not depart without license, then the above-written obligation to be void; otherwise to remain in full force and virtue."

It appeared that on Sept. 18, 1868, the plaintiff sued out a special writ against Brewster, founded upon an alleged contract of marriage. An affidavit required by R. S. c. 113, § 2, authorizing the arrest of a debtor about to leave the State, was made and properly certified upon the writ on which also the plaintiff's attorney indorsed the order to the sheriff, "Mr. Laughton, arrest the defendant forthwith." On the next day the officer, having the writ for service, made the return:

"By virtue of this writ, I arrested the body of the within-named, Hiram C. Brewster, who rendered to me the bond which is herewith returned," etc. The bond mentioned in the return was the one in suit.

Judgment was recovered on the original action of *Packard* v. *Brewster*, at September term, 1869, and execution issued thereon, Oct. 16, 1869, on which an officer made return, Jan. 16, 1870, of diligent search for the body of Brewster, inability to find him and a demand on the sheriff who made the arrest, and his refusal.

Plea, *non est factum.*

The action was reported to full court with a stipulation, that, if the action was not maintainable, the plaintiff to be nonsuit.

*Gould & Moore*, for the plaintiff.

This is a good bond to the plaintiff. 2 Pars. on Cont. (1st Ed.) 24. Such a construction as will make it valid and not void will be given if possible. *Glezen* v. *Rood*, 2 Met. 494. If it be construed

as a bond to the sheriff, it is void. *Conant* v. *Sheldon*, 4 Gray, 300; *Smith* v. *Adams*, 12 Met. 564.

If construed to be a bond to the plaintiff, it is good at common law. *Hoxie* v. *Weston*, 19 Maine, 322; *Athens* v. *Ware*, 39 Maine, 345; *Morse* v. *Hodsdon*, 5 Mass. 314; *Freeman* v. *Davis*, 7 Mass. 200; *Arnold* v. *Allen*, 8 Mass. 147; *Clap* v. *Cofran*, 7 Mass. 98; *Call* v. *Foster*, 49 Maine, 452.

It was voluntarily entered into for the benefit of the principal, for his relaxation from lawful arrest. Accepted by the obligee, who is now entitled to judgment. *Winthrop* v. *Dockendorf*, 3 Maine, 156–164. *Burroughs* v. *Lowder*, 8 Mass. 373, 381; *Clark* v. *Metcalf*, 38 Maine, 125, 126; *Howard* v. *Brown*, 21 Maine, 388.

The promise is directly to the plaintiff. Privity of contract. The defendants acknowledge the indebtedness of $5,000, to be "paid to the plaintiff," "to which payment" they "bind" themselves and representatives.

B may maintain an action on a promise to A to pay money to B. *Felton* v. *Dickerson*, 10 Mass. 290; *Cabot* v. *Haskins*, 3 Pick. 92.

Hanson Andrews' name was put in the bond by mistake. *Glezen* v. *Rood*, *supra*. If not, it is void. The presumption is in favor of sustaining the bond.

His name may be struck out as surplusage, and then a good bond be left. 2 Pars. on Cont. 26 and 27.

Clara C. Packard is the obligee.

*A. S. Rice*, for the defendants.

1. The bond does not run to the sheriff, and is, therefore, void as a statute bond. R. S. c. 85, § 1; *Smith* v. *Adams*, 12 Met. 564; *Conant* v. *Sheldon*, 4 Gray, 300; R. S. of Mass., c. 91, § 1. The insertion of the name of the plaintiff, as the person to whom the penalty is to be paid, is a clerical error, and does not affect the bond. *Glezen* v. *Rood*, 2 Met. 490; 2 Pars. on Cont. 26; Shep. Touch. 368.

2. Debt cannot be maintained upon a bail-bond. *Crane* v. *Keating*, 13 Pick. 339; *Niles* v. *Drake*, 17 Pick. 516; *Glezen* v. *Rood*, 2 Met. 494; *Hale* v. *Russ*, 1 Greenl. 336.

3. The statute duties of the officer holding the execution, not having been performed, the action must fail. R. S. c. 85, §§ 6, 8, 9; *Kidder* v. *Parlin*, 7 Greenl. 81; *Holmes* v. *Chadbourne*, 4 Maine, 13.

4. The bond is void at common law. The rule is, if the obligee has authority to take the bond, it is good at common law, although the condition varies from the requirements of the statute. *Purple* v. *Purple*, 5 Pick. 226. The following cases exhibit the application of this principle; *Clap* v. *Cofran*, 7 Mass. 78; *Freeman* v. *Davis*, 7 Mass. 200; *Burroughs* v. *Lowder*, 8 Mass. 373; *Morse* v. *Hodsdon*, 5 Mass. 314; *Winthrop* v. *Dockendorf*, 3 Greenl. 156; *Kavanagh* v. *Saunders*, 8 Greenl. 430; *Huntress* v. *Wheeler*, 16 Maine, 290; *Wallace* v. *Carlisle*, 20 Maine, 374; *Barrows* v. *Bridge*, 21 Maine, 398; *Ware* v. *Jackson*, 24 Maine, 166; *Fales* v. *Dow*, 24 Maine 211; *Hovey* v. *Hamilton*, 24 Maine, 251; *Clark* v. *Metcalf*, 38 Maine, 122; *Baker* v. *Healey*, 5 Greenl. 240; *Pease* v. *Norton*, 6 Greenl. 229; *Wilson* v. *Gillis*, 15 Maine, 55. The case of *Hoxie* v. *Weston*, 19 Maine, 322 cited in *Athens* v. *Ware*, 29 Maine, 345, which conflicts with this rule, cannot be sustained by authority, or by the principles of the common law. *Purple* v. *Purple*, 5 Pick. 226; *Baker* v. *Haley*, 5 Greenl. 240; *Anderson* v. *Longden*, 1 Wheat. 85; 2 Pars. on Cont. 86, 89; *Crane* v. *Keating*, 13 Pick. 339; *Niles* v. *Drake*, 17 Pick. 516. But, if sustained, is not analogous to, and cannot control this case, which is *sui generis*, and governed by the provisions of the Statute 23 Henry VI, c. 10; *Bean* v. *Parker*, 17 Mass. 591; *Howard* v. *Brown*, 21 Maine, 388; *Conant* v. *Sheldon*, 4 Gray, 300; 2 Pars. on Cont. 22, c; *Champion* v. *Noyes*, 2 Mass. 481; *Kavanagh* v. *Saunders*, 8 Greenl. 429; *Long* v. *Billings*, 9 Mass. 481; *Crane* v. *Keating*, 13 Pick. 340; Shep. Touch. 373, 374.

APPLETON, C. J. This is an action of debt upon a bond in and by which the defendants " are holden, and stand firmly bound and obliged unto Hanson Andrews, deputy-sheriff of the county of Knox, in the full and just sum of five thousand dollars, to be paid unto Clara C. Packard, her heirs or assigns," etc.

The condition of the bond, after reciting an arrest of the principal defendant at the suit of this plaintiff, and describing the suit, is that if " the above-bounden Hiram C. Brewster shall appear and answer unto said writ or process, and shall abide, do, and perform the judgment of the said court or the judgment of any other court before whom the said process shall, in due course of law, be finally determined, and shall not depart without license, then the above-written obligation to be void, otherwise to remain in full force and virtue."

The bond in suit was undoubtedly returned as and for a bail-bond, for the officer on the original writ returns that he had arrested the defendant, Brewster, who gave him the bond returned with the writ, and thereupon he permitted him to go at large.

If the bond in question is to be deemed a bail-bond, this suit is not maintainable. In such case, the remedy of the party is by *scire facias.*

But the learned counsel for the plaintiff contends, that this is a good bond at common law, and that the action may be maintained in the name, not of the obligee, but of the person for whose benefit the obligation was taken.

But if the bond is to be regarded as valid, which, to say the least, is extremely doubtful, yet such is not the law. The bond is given to Hanson Andrews. He is the person with whom the contract is made, and in whose name alone its performance can be enforced. Such, in the case of instruments under seal, has been the law from the earliest times. The obligation is to one person for the benefit of another. " If an obligation be made to J. D. to use of I. S., this is a good obligation for I. S. in equity; and some have said he may release it; but this is much to be doubted; for it is certain I. S. cannot sue the obligor in his own name; but when he hath cause of suit, he may compel J. D. in chancery to sue the obligor." Shep. Touch. 369. An action on a bond made to A. for the support of B. cannot be maintained in the name of B. *Sanders* v. *Filley,* 12 Pick. 554. On a promise under seal made to A. for the benefit of C., the latter cannot sue. *Millard* v. *Bald-*

Packard *v.* Brewster.

*win*, 3 Gray, 484.   On a bond made to the Commonwealth, for the use of the town of Northampton, no action lies for the town, though the forfeitures belong to the town.   *Northampton* v. *Elwell*, 4 Gray, 81.   A. covenanted with B. that he would maintain C., the wife of B., in case she survived him; held, after the death of B. that C. could not maintain an action on the bond.   *How* v. *How*, 1 N. H. 49.   " The covenant not being with her " observes Richardson, C. J., " but with another for her use, it is clear the action cannot be supported."   " If one, by deed, covenants or promises to pay a sum of money to A. to the use of B. or for the benefit of B., B. cannot maintain an action upon the instrument.   Neither, if a covenant be made to three persons to pay money to them, to the use of a fourth, can the fourth person sue upon the deed."   Addison on Contracts, 242.   When a bond is made to A. and B. and others " to be paid to the said A. and B.," it was held in *Richardson* v. *Jones*, 1 Iredell, 296, that an action for the breach of the bond could not be brought in the names of A. and B. alone, without joining the other obligees unless it was shown that A. and B. were the surviving obligees. The party for whose benefit the contract is made has a remedy in equity against the party with whom it is made.   The one has the legal, the other has the equitable interest in the contract.

The law on this subject is very clearly and accurately thus stated by Mr. Justice Shepley, in *Hinckley* v. *Fowler*, 15 Maine, 289: " When one promises another, for the benefit of a third person, such person may maintain assumpsit in his own name.   When one covenants with another to do any act for the benefit of a third person, the rule differs from that on assumpsit, and the action cannot be maintained upon such covenant in the name of the third person for whose benefit it was made."

Whether this bond is a bail-bond, or a bond at common law, it matters not.   In either event the action is not maintainable.

*Plaintiff nonsuit.*

KENT, WALTON, DICKERSON, and DANFORTH, JJ., concurred.

BARROWS, J. concurred in the result.