## DOMENICO CIMINI *vs.* GIUSEPPE ZAMBARANO.

### JANUARY 16, 1914.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, and Vincent, JJ.

*(1) Evidence. Replevin.*

In an action against a surety upon a replevin bond, evidence offered by defendant for the purpose of proving the bad reputation for veracity of the principal upon the bond who delivered it to the sheriff, in support of defendant's claim that he had not executed the bond, is inadmissible where the principal was neither a party to the suit nor a witness.

*(2) Evidence. Hearsay.*

In an action against a surety upon a replevin bond, evidence as to a conversation between a witness and his son, neither of whom were parties to the case, where none of the parties were present at such conversation, was properly excluded as hearsay, where it was not offered for the purpose of contradicting a witness after having laid a foundation, nor as a foundation for the latter contradiction of the witness.

*(3) Replevin. Bonds. Return of Execution.*

An action upon a replevin bond may be brought immediately upon recovery of judgment in the replevin suit without awaiting the return of the sheriff upon the execution issued therein.

*(4) Replevin. Bonds. Variance.*

In an action against a surety upon a replevin bond an allegation in the declaration that defendant as surety was jointly and severally bound with A

as principal, and B as co-surety, although descriptive of the bond is not a material allegation which defendant was required to answer or which could mislead him in preparing his defence. Therefore where it appeared that B was in fact a woman, but that the name was written by a man representing himself as B, there was not such a variance as to be fatal to the suit.

Fraud practiced upon a surety in a replevin bond by the principal in the forgery of the name of a co-surety would not release the surety from liability to the obligee who did not participate in the fraud and who had no knowledge of it.

*(6)   Bonds.   Replevin.   Variance.*

An allegation in an action upon a replevin bond that the condition of the bond was that the plaintiff (in replevin) should pay such damages and costs as the defendant in replevin should recover against him, is not supported by a bond conditioned that the plaintiff (in replevin) should pay such damages and costs as said plaintiff (in replevin) should recover against him, but such condition being meaningless there is no obligation on the part of the principal or sureties to pay any damages or costs to the defendant in replevin in the event of his recovering them in such action, but where there is another condition in such bond that the plaintiff in replevin should restore the goods in case such was the final judgment, and the breach is properly laid, the variance does not amount to total failure of proof of the material allegations of the declaration, but in case of judgment for the penal sum of the bond execution should not issue for the damages and costs recovered by the plaintiff against the plaintiff in replevin.

*(7)   Bonds.   Replevin.*

Where a bond attached to a writ of replevin is defective as a statutory bond, the defendant in replevin should be permitted to enforce it as a common law obligation unless it is invalid as such.

*(8)   Bonds.   Replevin.*

A sole defendant in a replevin suit should be the sole obligee in the replevin bond.

*(9)   Bonds.   Replevin.*

A replevin bond recited that the principal and sureties were bound to X in a penal sum to be paid said X and to Y. Y was not a party to the suit. *Held,* that an action at law upon a bond can only be maintained in the name of the obligee and the suit was properly brought in the name of X.

*(10)   Replevin.   Variance.*

Not every variance between a declaration and proof will justify a verdict for defendant. What amounts to a fatal variance is a question of law for the court. Whether there has been such a variance in the case of conflicting evidence is a question of fact for the jury to be determined by them after instruction by the court.

*(11) Amendment. Pleading.*

The superior court has authority to permit an amendment to a declaration adding a party plaintiff, after hearing upon a motion for a new trial, upon terms protecting rights of adverse parties. Such ruling is subject to review.

REPLEVIN. Heard on exceptions of defendant and overruled.

SWEETLAND, J. This is an action of debt on bond brought against the defendant as surety upon a replevin bond taken by the sheriff before service of the writ in the action of replevin of one Almerico De Siano against the plaintiff in the case at bar.

The bond on its face purported to be executed by Almerico De Siano as principal, and by Guiseppe Zambarano and Clelia Orazia as sureties. The condition of the bond was as follows: "The condition of this obligation is:—That *whereas,* said Almerico De Siano hath commenced an action of replevin against said Domenico Cimini for two pool tables and appurtenances and one National Cash Register, all of the value of four hundred dollars before the district court of the sixth judicial district, to be holden at Providence, in said County, within and for said District, on the 20th day of November, A. D. 1908. *Now* if said Almerico De Siano shall prosecute said writ of replevin to final judgment, and pay such damages and costs as said Almerico De Siano shall recover against him, and shall also return and restore the same goods and chattels, in like good order and condition as when taken, in case such shall be the final judgment on said writ, *then* this obligation shall be void; *otherwise,* shall remain and be in full force and effect."

The breaches of condition alleged in the declaration are that said Almerico De Siano, the principal, did not pay the costs and damages which the plaintiff at bar recovered against him in said replevin suit and did not return and restore the goods and chattels replevied, although such was the final judgment in said replevin action.

The case at bar was tried before a justice of the Superior Court sitting with a jury. The defendant denied the execution of said bond by himself as surety and gave notice to the plaintiff to prove the defendant's signature upon said bond. The jury rendered a verdict against the defendant in the penal sum of the bond, and also found specially that the signature upon the bond purporting to be that of the defendant was written by the defendant. The defendant's motion for a new trial was denied by the justice presiding at the trial and the case is before us upon the defendant's exceptions to certain rulings of said justice made during the trial and also to one made after the verdict, and to the decision of said justice denying the defendant's motion for a new trial. The defendant excepted to the ruling of the justice excluding certain testimony offered by the defendant for the purpose of proving the bad reputation of Almerico De Siano, the principal on said bond, as to his veracity and honesty. The said De Siano was not a party to the action and was not a witness at the trial; but the defendant (1) sought to support his claim that he had not executed said bond as surety by showing that De Siano, who was the principal upon the bond and who had delivered the same to the sheriff, had the reputation of being untruthful and dishonest. There is no merit in this exception.

The defendant excepted to the ruling of said justice excluding testimony as to a conversation between a certain witness and his son, neither of whom were parties to the (2) case; also neither of the parties were present at said conversation. The defendant did not seek to introduce this evidence for the purpose of contradicting a witness, after having laid a foundation for such contradiction, nor as a foundation for the later contradiction of the witness interrogated. No circumstance appears which should prevent the exclusion of this conversation as hearsay. We find no error in the ruling of the justice.

(3) The defendant excepted to the ruling of said justice denying the defendant's motion for the direction of a verdict

in his favor. In support of this exception the defendant urges that the evidence showed that the defendant in said replevin suit, being the plaintiff in the case at bar, recovered judgment in said replevin suit; that a writ of execution had been issued in his favor for a return and restoration to him of the goods replevied and also for nominal damages and costs; and that said execution at the time of said trial was still outstanding. The contention of the defendant being, that the plaintiff should not be permitted to maintain this suit upon the replevin bond until said execution with the sheriff's return certified thereon had been returned into court. A similar contention was considered by this court in *Potter* v. *James*, 7 R. I. 312. It was therein held that the liability of a plaintiff in replevin was immediately consequent upon the judgment against him, that the liability of the surety upon the replevin bond was precisely the same, and that the beginning of suit upon the replevin bond need not await the return day of an execution issued in the replevin suit nor the return *non est* thereon.

(4)    In support of this exception, the defendant also urges that there was a variance between the bond declared upon in the declaration and the bond produced in evidence. It is alleged in the declaration that "the defendant by his writing obligatory sealed with his seal as surety in a certain replevin bond, was jointly and severally bound with Almerico De Siano as principal and Clelia Orazia as co-surety." It appeared in testimony, uncontradicted, that the person, Clelia Orazia, named in the body of the bond as a surety and whose name is subscribed to the bond is a woman. It further appears by the uncontradicted testimony of the sheriff, in whose presence said name was written at the foot of the bond, that said name was written by a man who claimed to the sheriff that he was named Clelia Orazia and who told the sheriff that he had property. Clelia Orazia was not present at the time her name was written on the bond. This is not such a variance between the declaration and proof as to be fatal to the suit. As has been pointed out

(5) by the plaintiff, the impersonation of Clelia Orazia by another person at the time of the execution of the bond and the forging of her name upon the bond would constitute a fraud practised upon the defendant by the principal in the bond; but in the circumstances of the case would not discharge the defendant from liability as surety upon the bond. The plaintiff as obligee on the bond did not participate in the fraud; had no knowledge of it; and his rights under the bond would not be affected thereby. The allegation in the declaration last referred to, although descriptive of the bond which is the subject of the suit, is not a material allegation which the defendant was called upon to answer or which misled the defendant in preparing his defence.

(6) Another variance between the allegation and proof pointed out by the defendant and urged in support of this exception is the variance between the allegation that the condition of said bond was that said Almerico De Siano should "pay such damages and costs as said plaintiff should recover against him" and the condition of the bond in evidence that "said Almerico De Siano shall . . . pay such damages and costs as said Almerico De Siano shall recover against him." The latter is a meaningless condition in the bond. We assume that it is a clerical mistake made in drafting the bond. There is no obligation under the bond on the part of the principal and sureties to pay damages and costs to the plaintiff in the event that the defendant in replevin (the plaintiff here), recover such damages and costs in the replevin suit. There is, however, another condition in the bond the breach of which is alleged and which is not affected by this mistake; namely, the condition that the plaintiff in replevin shall return and restore the goods replevied in case such is the final judgment in the suit. The variance now under discussion did not amount to total failure of proof of the material allegations of the declaration and was not sufficient ground for the direction of a verdict in favor of the defendant. In case, however, final judgment in this case should be for the plaintiff for

the penal sum named in the bond execution on said judgment under the statute should not issue in his favor for the damages and costs recovered by him against the plaintiff in replevin.

The defendant also urges in support of this exception that action is brought in the name of Domenico Cimini alone and that the bond in evidence provides that the penal sum shall be paid to said Domenico Cimini and one Antonio Liberatore. The bond in question was attached to the writ in said replevin suit and undoubtedly was intended by the plaintiff in replevin to be a statutory bond given to the defendant in replevin in double the value of the chattels sought to be replevied as a necessary prerequisite of the (7) service of the replevin writ. Said bond is defective, however, as a statutory bond in several particulars; but the defendant in replevin should be permitted to enforce the same as a common law obligation unless it is found to be invalid as such. This plaintiff was the sole defendant in replevin and in accordance with the requirements of the statute he (8) should have been made the sole obligee in the replevin bond. Said bond provides that the principal and sureties therein "are firmly bound to Domenico Cimini in the sum of eight. hundred dollars, being double the value of the goods and chattels replevied, to be paid to said Domenico Cimini and Antonio Liberatore, their executors, administrators, or· assigns." Antonio Liberatore was not a party to the replevin suit; and why the penal sum of the bond was to be paid to him and Cimini does not appear. In a replevin bond given in an action in which Cimini alone is the defend- (9) ant, this provision is so purposeless and irregular as to· suggest that it was placed in the bond through some mistake, which it is unnecessary to seek or to consider at this time.. An action at law upon a bond can only be maintained in the name of the obligee, although the bond may be conditioned· upon the payment of money by the obligor to a third person or the doing of some act by the obligor for the benefit of a. third person. The form of this bond in its obligatory part.

is unusual even when considered as a common law bond. It is customary to provide that the penal sum of a bond shall be paid to the obligee and to place any provision for the benefit of a third person among the conditions of the bond which modify and regulate the principal obligation. This provision cannot be regarded as one of the conditions of the bond, as such it would be inconsistent with the purpose for which the bond was given, and it is omitted from the enumerated conditions of the bond. It is unnecessary to consider at this time what force or effect it may have, if it has any. Although this provision for payment to Cimini and Liberatore, in respect to its position in the bond, is thus connected with the principal obligation, that fact does not affect the question of who is the obligee in the bond. The obligee remains the person named to whom the principal and sureties have bound themselves in the penal sum, namely Domenico Cimini. The suit was properly brought in the name of Cimini alone. *Packard* v. *Brewster*, 59 Me. 404, was an action of debt upon a bond by which the defendants "are holden and stand firmly bound and obliged unto Hanson Andrews, deputy-sheriff of the county of Knox, in the full and just sum of five thousand dollars to be paid unto Clara C. Packard, her heirs or assigns." The court said: "The bond is given to Hanson Andrews. He is the person with whom the contract is made, and in whose name alone its performance can be enforced. Such, in the case of instruments under seal, has been the law from the earliest times. The obligation is to one person for the benefit of another. 'If an obligation be made to J. D. to use of I. S., this is a good obligation for I. S. in equity; and some have said he may release it; but this is much to be doubted; for it is certain I. S. cannot sue the obligor in his own name; but when he hath cause of suit, he may compel J. D. in chancery to sue the obligor.' Shep. Touch. 369." Also *Richardson* v. *Jones*, 1 Iredell, 296.

The defendant excepted to the refusal of said justice to instruct the jury as follows: "If the jury find from the

evidence that an execution in favor of Domenico Cimini against Almerico De Siano was issued out of this court in the replevin suit, and that such execution is still in force and outstanding against De Siano, said Cimini cannot maintain this action against Zambarano." We have already fully considered the substance of this request. There is no merit in this exception.

The defendant excepted to the refusal of said justice to instruct the jury as follows: "If the jury find from the evidence and examination of the bond in suit that there is a variance between the bond as declared on and the bond in evidence, then the plaintiff cannot recover." We have already discussed the question of variance. The instruction requested in the general form in which it was presented should have been refused. It is not every variance between the declaration and the evidence which will justify a verdict for the defendant. What amounts to a fatal variance is a question of law for the court. Whether there has been such a variance, in the case of conflicting evidence, is a question of fact for the jury to be determined by them after instruction by the court.

The defendant excepted to the decision of said justice denying the defendant's motion for a new trial. A reading of the transcript raises a doubt in our minds as to the correctness of the finding of the jury that the bond was executed by the defendant. The jury, however, have so found; that finding has been approved by the justice presiding; and we cannot say, merely from an inspection of the transcript, that reasonable men might not have come properly to the same conclusion as the jury, after hearing the testimony and seeing the witnesses. We do not sustain this exception.

The defendant has excepted to the ruling of said justice, made after verdict and after hearing upon the motion for a new trial, granting the plaintiff's motion to amend the declaration and add Antonio Liberatore as a party plaintiff. Under our statute courts are given broad powers in per-

mitting amendments and in adding and striking out parties. Such powers have been exercised frequently after verdict and before the creation of the Superior Court by the Supreme Court after hearing upon petition for new trial. We see no objection to such action by the Superior Court after hearing upon motion for a new trial; provided amendments are permitted upon terms that shall protect the rights of adverse parties. Rulings permitting amendments and changes of parties are subject to review by this court, if the cause comes here upon exception. The amendment permitted by the Superior Court was to make the allegation of the declaration conform to what we have called a meaningless condition of the bond that the plaintiff in replevin should pay such damages and costs as the plaintiff in replevin should recover against him. According to the opinion which we have hereinbefore stated concerning this condition the amendment was a needless one; but in no view of the matter did the amendment harm the defendant. The action of the Superior Court in adding Antonio Liberatore as a party plaintiff was erroneous, not because the court was without power to add parties at the time the change was made, but because upon the evidence Liberatore was not properly a party to the action.

The exception to the action of the Superior Court in adding Liberatore as a party plaintiff is sustained; all the other exceptions of the defendant are overruled. Antonio Liberatore is dropped as a party plaintiff.

The case is remitted to the Superior Court with direction to enter judgment upon the verdict.

*Charles R. Easton,* for plaintiff.

*John I. Devlin,* for defendant.